UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEVKET AKTAS, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>SCHNITZER STEEL INDUSTRIES, INC., )<br>)<br>　　　　Defendant. )<br>) | Civil Action No.<br>25-12027-FDS |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR REMAND

SAYLOR, J.

　　Plaintiff Sevket Aktas filed a civil action in the Superior Court of Massachusetts on June 18, 2025. On July 18, 2025, defendant Schnitzer Steel Industries, Inc. removed the action to this court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a). Plaintiff has moved to remand the action to state court, contending that the parties are not completely diverse. There is no dispute that the amount in controversy exceeds $75,000.

　　Plaintiff is a citizen of Massachusetts. (Pl. Mot. Remand 1; Def. Opp. 2). Defendant Schnitzer Steel Industries, Inc. is a corporation. For purposes of the diversity statute, corporations are deemed to be citizens of the state in which they are incorporated and have a principal place of business. 28 U.S.C. 1332(c)(1). A corporation's principal place of business is its "nerve center"—the place "where [its] high level officers direct, control, and coordinate [its] activities." *Hertz Co. v. Friend*, 559 U.S. 77, 80 (2010). That place is normally the corporation's headquarters. *Id.* at 81.

Schnitzer Steel is incorporated in Oregon. (Campbell Aff. ¶ 2). Its principal place of business is Oregon, where it maintains its corporate headquarters, its corporate officers work, and "all major corporate decisions" are made. (*Id.* ¶¶ 3-4). Schnitzer Steel is therefore a citizen of Oregon for purposes of diversity jurisdiction.

Plaintiff contends that Schnitzer Steel's principal place of business is Massachusetts "for the relevant operations" because managers located in Massachusetts exercised operational control at the facility in Massachusetts from where he alleges he was wrongfully terminated. (Pl. Mot. Remand 2; Compl. 1-2). The principal place of business of a corporation is not, however, the place where activities relevant to a plaintiff's particular claim were controlled. Rather, it is the "one location from which a corporation is ultimately controlled." *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41 (1st Cir. 2016). None of the managers listed by plaintiff exercise corporate-wide control. (Campbell Aff. ¶ 5).

In short, plaintiff is a citizen of Massachusetts and defendant is a citizen of Oregon, and therefore complete diversity of citizenship exists. Because this Court has subject-matter jurisdiction over this dispute under 28 U.S.C. § 1332(a), the motion to remand is DENIED.

**So Ordered.**

Dated: September 3, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge